227 So.2d 415

**Eartha ROBBINS et al.**

v.

**Gussie KELSON et al.**

**1 Div. 581.**

Supreme Court of Alabama.

Oct. 9, 1969.

**646**

Wilson Hayes, Bay Minette, for appellants.

C. LeNoir Thompson, Bay Minette, for appellees.

BLOODWORTH, Justice.

Respondents Eartha Robbins and Ellen Fraser appeal from a final decree ordering a sale for division among tenants in common of a 120 acre tract of land situated in Baldwin County, Alabama.

The bill of complaint alleges that 14 complainants and 21 respondents are joint owners and tenants in common of the suit property and that it cannot be equitably partitioned or divided among the owners without a sale thereof.

Respondents Robbins and Fraser filed answer and cross bill in which they deny complainants and the other respondents are joint owners of the property and allege that they are the owners having been in actual, open, notorious, visible, hostile, exclusive and continuous possession of it for more than 20 years prior to the commencement of this suit.

In its final decree the trial court found that complainants and respondents are joint owners of the suit property and decreed that the property could not be equitably divided among the owners without a sale for division. It ordered the sale.

The primary issue on this appeal is whether there is sufficient evidence to support the trial court's decree. We think the evidence is insufficient and that the trial court was in error in ordering the sale for division.

There are eight assignments of error argued as grounds for reversal. The first is: "The Court erred in its decree of March 14, 1969 in that it is not supported by the evidence."

The respondents contend the evidence is insufficient to prove: ownership of the land; the death of the original owner of the suit property; the kinship and fractional interest of the various heirs of the original owner; and, the necessity of a sale for division as opposed to partition.

Complainants argue that this and several other assignments of error (2–5, and 8) are too general to allow us to review the sufficiency of the evidence. They also contend that since there was no motion for a new trial, any question as to the weight of the evidence is not before this court for review.

As to the latter contention, in the recent case of Baker v. Citizens Bank of Guntersville, 282 Ala. 33, 35, 208 So.2d 601, 603, we said:

"On appeals in equity, in cases tried by the court without a jury, we hold that a motion for new trial is not necessary in order for appellant to obtain review of the sufficiency of the evidence to support the decree of the trial court."

We do not, of course, construe Baker v. Citizens Bank of Guntersville,

supra, to mean that this court will review the sufficiency of the evidence to support the decree of the trial court without a proper assignment of error.

■ Respondents' first assignment of error is general. However, the decree "is a single unit, and, if erroneous in any respect, the error permeates the entire decree and an assignment in general terms is sufficient." Wiggins v. Stapleton Baptist Church, 282 Ala. 255, 257, 210 So.2d 814, 816. The assignment in that case is very similar to the assignment of error here: "The Court erred in that said decree is contrary to the evidence." We held it sufficient. Likewise, we hold the assignment in this case to be sufficient as this decree is a single unit.

After reading and studying the entire record we have concluded that the evidence is insufficient to show: (1) The death of the original owner of the suit property, John Sims, that he died intestate; (2) who are his heirs and what are their shares.

■ Specifically, the record shows the following transpired with respect to an exhibit which purported to set out the heirs:

"Q. I show you an exhibit setting out John and Sue Sims' and all of their descendants that would have an interest in the property. Do you recall directing my efforts in making that list?

"A. Yes sir.

"MR. HAYES: I am not going to agree that that is accurate—an accurate record and I make a specific objection as inaccurate and incomprehensible.

"Q. Do you recall directing my efforts—you and your mother, to get that list of Sims—heirs of John and Sue Sims?

"A. Yes sir.

"Q. Does that state the list as you and your mother were able to recall?

"A. Yes sir, all I see on here. * *

* * * * * , *

"Q. Is this statement of the family correct so far as you know?

"A. Yes sir.

"Q. That is the statement that you assisted in preparing?

"A. Yes sir.

"MR. THOMPSON: We offer this in evidence as Complainants' Exhibit 4.

"MR. HAYES: We want to specifically object to that; it is not shown to be accurate and [it is] unintelligible—you can't make out what it means and it is irrelevant, incompetent and immaterial.[1]

* * * * * *

"MR. THOMPSON: One thing I didn't take up is the shares; how it breaks down. Could we stipulate—if the Judge rules with us on the shares?

"MR. HAYES: I don't know. I think we can establish the name of all of the heirs—that thing—your Exhibit 4 is inaccurate.

"MR. THOMPSON: If the Judge rules with us we can agree on the heirs?

"MR. HAYES: Yes, if the Judge rules with you we can agree on who are the heirs and their interest."

Upon inspection of this exhibit we agree with the attorney for the respondents that the same is not shown to be accurate and is "incomprehensible." It would serve no useful purpose to incorporate it in this opinion. We do note that some of it is written in red ink, some in blue ink, some in pencil. It contains what apparently are extraneous remarks, such as, "cutting paper wood sold to Thomas Earl," and after one purported heir the words, "one girl." And, out to the side the notation "not legal."

1. There were no rulings on these objections since the trial court was obviously proceeding under Title 7, § 372(1), this being an equity case.

As we have stated in other cases, we are not unmindful of the rule that we must indulge all reasonable presumptions in favor of a trial court's decree when it heard the evidence ore tenus. Howell v. Hallett Manufacturing Co., 278 Ala. 316, 178 So.2d 94. But, we have concluded that the death of John Sims, that he died intestate, who were his heirs and their respective shares is not sufficiently and accurately proven.

Though the record indicates that respondents were willing to agree on who are the heirs and what is the interest of each, if the trial court ruled with the complainant, no such agreement appears in the record.

In view of our decision that this case must be reversed and remanded, we pretermit consideration of the other assignments of error.

Reversed and remanded.

SIMPSON, MERRILL, COLEMAN and MADDOX, JJ., concur.