265 So.2d 607

Opal M. HARDIMAN

v.

Floyd HARDIMAN.

6 Div. 135.

Court of Civil Appeals of Alabama.

Aug. 9, 1972.

Charles T. Bradshaw, Birmingham, for appellant.

James D. Forstman, Richard L. Taylor, Birmingham, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a decree dismissing a petition to modify a divorce decree.

The parties were divorced by a decree of May, 1962. They were married in 1938 and separated in 1951. Opal Hardiman filed for and obtained the divorce on the ground of voluntary abandonment. She was given custody of three of the six children born of the marriage. Three of the children had attained majority at the time of the divorce. The question of alimony and support was reserved in the decree.

At the time of the filing and hearing of the petition to modify, all of the children had reached majority. The youngest son, though still in college had passed the age of 21 years and was married. Petitioner-appellant was living in a house which appellee had purchased since the divorce, but

had allowed appellant to live in free of rent for several years.

In her petition, appellant requested alimony; title to the real estate where she lived; reimbursement for money spent by her for the support, maintenance and education of the youngest son; a lump sum to the son sufficient to enable him to complete his college work and obtain a degree, together with a reasonable attorney's fee.

The court heard the evidence ore tenus and dismissed the petition to modify.

In brief, the evidence was that since the divorce decree in 1962 and prior thereto, appellee had paid to appellant the sum of $65 to $70 per week for support of herself and the children. Appellant had earned extra money doing various menial jobs. With the sums paid by appellee and those earned by her, she had reared all six of the children to adulthood. Appellee had given the children various other sums and had bought several automobiles for the boys when they were in high school.

Appellant is now about 50 years of age and earns $238 net per month at her place of employment. None of the children are dependent upon her.

Appellee formerly worked as a construction foreman in and about Chicago, earning weekly sums of nearly $300 per week. He is now on leave from his employment, remarried and is attempting to start his own business in Jefferson County. To this end, he has invested some $14,000 in equipment and has about $3,000 cash in hand. His earnings at the time of the hearing were not clearly brought out. Appellee stated to his son that he had made $500 the week prior to the hearing but he stated in court such figure was incorrect and he had actually made only $200.

Appellant assigns as Error No. 1 the failure of the court to grant to her a reasonable monthly sum as alimony.

Appellant concedes that the allowance of alimony falls within the judicial discretion of the trial court, but contends that under the state of the evidence in this case the trial court clearly abused such discretion and this court should reverse for such abuse. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Pope v. Pope, 268 Ala. 513, 109 So.2d 521; Body v. Body, 47 Ala. App. 443, 256 So.2d 184.

We cannot agree that the state of the evidence before the trial court was so strong and compelling as to require us to conclude that it clearly abused its judicial discretion. Much of the emphasis of appellant is upon the hardships she endured in rearing six children without the presence and assistance of a husband and father. Though due the admiration and great respect of this Court, such emphasis is not for consideration upon the matter before us. The sole question is whether, since the decree of 1962 there has been such a material change of circumstances of the parties as would require the trial court to modify that decree. Whitt v. Whitt, 276 Ala. 685, 166 So.2d 413; Block v. Block, 281 Ala. 214, 201 So.2d 51.

At the time of the decree of 1962, according to the testimony of appellant, appellee's income was approximately $700 per month, however, appellant chose not to request an order either for alimony or support for the three children then at home. She accepted the $65 or $70 per week which appellee had been paying since the separation in 1951. No petition for alimony or additional support was filed until the last child had become 21, married and self-supporting. In the meantime, appellant had secured employment netting her $238 per month. This amount is nearly as much per month as she had been getting from appellant while she reared three children.

The order of dismissal appealed from does not disclose the reason therefor. It is uncertain whether the dismissal was because the proof was insufficient to show a material change of circumstances since the decree of 1962; whether the evidence failed to show a need of alimony, or whether there was an insufficient showing of

**430**

ability to pay by appellee. Whatever the reason for the dismissal, the trial court heard the evidence and observed the witnesses and exercised its discretion. Upon examining the record, we cannot hold that such discretion was abused, was arbitrarily exercised, or that the dismissal was plainly and palpably wrong. Mencer v. Mencer, 277 Ala. 679, 174 So.2d 319. The question of allowance of alimony to appellant in the future is still open upon proper petition and proof.

 Assignment of Error No. 5 charges error in the failure of the court to order the appellee to assume indebtedness which appellant and her son had incurred in financing the son's college education and to order payments for completion of his education.

There is no authority in Alabama for a decree of support in a divorce action or on petition for modification of a divorce decree for a child after it has reached majority. Rather, the authority is to the contrary. Reynolds v. Reynolds, 274 Ala. 477, 149 So.2d 770; Murrah v. Bailes, 255 Ala. 178, 50 So.2d 735, 736. There is no legal obligation of a parent to support, maintain, or educate a child after it reaches the age of 21 years under the statutes of this State unless qualified under Title 44, Section 8, Code of Alabama 1940.

We find no ruling of the court as complained of in assignment of Error No. 4. There is in the record merely a colloquy concerning principals of law. These do not concern the decree appealed from. Neither do we find any ruling of the court as assigned in Assignment of Error No. 2.

Assignment of Error 3 charges error in refusal of the court to grant appellant attorney's fees in the presentation of her petition to modify.

 The granting of attorneys' fees to a petitioner on a petition to modify a divorce decree is a matter within the judicial discretion of the court. Hewitt v. Hewitt, 285 Ala. 516, 234 So.2d 283. Since we have herein upheld the decree of the trial court dismissing appellant's petition to modify, we find no abuse of the trial court's discretion in refusing petitioner an attorney's fee.

Affirmed.

HOLMES, J., concurs.

BRADLEY, J., not sitting.