277 So.2d 616

O. J. SELLERS

v.

Yvonne SELLERS.

Civ. 88.

Court of Civil Appeals of Alabama.

May 9, 1973.

Barnett, Tingle & Noble, Birmingham, for appellant.

Beddow, Embry & Beddow and James M. Fullan, Jr., Birmingham, for appellee.

**WRIGHT, Presiding Judge.**

The parties to this appeal were divorced by decree of the Circuit Court of Jefferson County, Alabama, on August 19, 1971. The wife, appellee here, was granted the divorce on the ground of adultery. There was incorporated in the decree an extensive agreement between the parties by which the wife obtained various pieces of real estate owned by the husband or by both jointly. Included was a building and a carpet business and other vacant lots, together with the home. The husband was directed to pay to the wife half of the net profit realized from the sale of some four houses which had been constructed and were to be sold. The parties had jointly operated a construction business.

The wife received all household furniture, all savings accounts, a 1971 Cadillac automobile. The husband was to maintain the mortgage payments on the home until it was sold. He was to construct another home for the wife and child at cost. He was to list houses which he would construct in the next year with the wife as a real estate broker so that she could obtain the commissions on their sale. The wife and daughter were to receive a trip to Rome, Italy, which had been won by the operation of the business, and be paid $700 to spend on the trip. In addition, support for the fifteen-year-old daughter of the parties was to be in the amount of $700 per month, and the wife was to receive $300 per month as alimony for a period of three years.

There were other various matters required of the husband, such as repairing the building given to the wife and keeping it insured. He was to make the child beneficiary of all his life insurance and keep it in force. The wife received cemetery lots and was transferred a second mortgage on a piece of property. All in all, the agreement covers nearly four pages in the transcript of this case. It appears that about all the husband had remaining was a Chevrolet automobile, a tractor and a truck used in the business, and the knowledge and ability to construct homes for sale. Nevertheless, it was his agreement, though apparently entered without counsel.

The matter involved in this appeal began with a petition for a rule nisi filed by Yvonne Sellers to require O. J. Sellers to show cause why he should not be held in contempt for failure to comply with the agreement as incorporated in the divorce decree. This petition was filed on April 27, 1972. Rule nisi was duly issued and Sellers responded with a petition to modify the original decree by reducing the support payments for the child and alimony payments to the wife. Material change in the petitioner's income and ability to pay were alleged.

The petition for rule nisi was amended, alleging several areas of the decree which had not been complied with, charging an arrearage of $9000 in support and alimony, and requesting an attorney fee. The wife responded to the petition to modify by motion to strike on the ground of unclean hands. The petition to modify and the rule nisi were heard orally before the court on July 6, 1972. Decree was entered on July 7, 1972, finding appellant in contempt

for failure to comply with several provisions of the divorce decree and finding an arrearage in support and alimony of a total amount of $8100. As punishment, appellant was ordered to be placed in jail for two days and directed to purge the contempt by paying and keeping the support and alimony current. An attorney fee of $250 was awarded to appellee. The petition to modify was denied. It is from that part of the decree denying the petition to modify that this appeal is taken.

 We approach this appeal, as in all cases in which the testimony is heard orally by the court, with the presumption that the decree of the court is correct. Lee v. Lee, 283 Ala. 275, 215 So.2d 718; Alabama Elec. Co-op., Inc. v. Partridge, 283 Ala. 251, 215 So.2d 580; Jordan v. Ellis, 278 Ala. 116, 176 So.2d 244. That the modification of a prior decree for support and alimony, based upon changed circumstances of the parties, is largely a matter within the judicial discretion of the trial court. The exercise of such discretion is to be disturbed on appeal only if from a review of the evidence this court finds in the decree such an abuse of discretion as to be plainly and palpably wrong. Southern Sash of Huntsville, Inc. v. Jones, 286 Ala. 672, 245 So.2d 185; Brantley v. Hall, 286 Ala. 400, 240 So.2d 364; Wolfe v. Thompson, 285 Ala. 745, 235 So.2d 878.

We have carefully reviewed the testimony presented by both parties.

 For the year 1970, prior to the divorce in 1971, the income of appellant with the assistance of appellee was $42,000. Such income was undoubtedly the basis for the agreement entered into between the parties which included payment of $1000 monthly for combined alimony and support. The evidence on modification was that for 1971 appellant's gross income was $16,241.-46, from which he paid nearly $3000 in Federal income tax. He incorporated his business after the divorce in August 1971. His accountant testified that the total of appellant's salary and draw from January 1 to June 30, 1972 was $3,464.00. Appellant owed to banks the sum of $263,608, plus $3,680.71 in overdrafts. Some of this indebtedness represents construction loans secured by five houses either under construction or completed but unsold. The estimated, but uncertain, profit upon sale of these houses was from $1500 to $5000 per house. Of course, upon sale the construction loan will be paid. Thus, assuming the high figure of profit, the corporation will net from the five houses $25,000 before taxes.

The evidence was that appellant had no other income except from his business. We would comment here that the proceedings below were difficult to follow in the transcript of the evidence. Some of the figures used herein above may not be precisely accurate but are close to being so.

We have been impressed by the eloquent language of counsel in the briefs. Some of the descriptive adverbiage would be worthy of quotation here if space permitted. However, we will deny our readers that pleasure for we would not wish to encounter them again in the form of citation in some future case.

In spite of the agreement by which appellant has arrived in an adverse position, and which has at least in part placed him in contempt, in jail and in arrears in past due alimony and support to the amount of $8,100.00, the evidence offered by him as to a material and adverse change in financial circumstances is in dispute only by innuendo and argument by counsel in brief. The only means by which the denial of his petition to modify can be sustained is to disbelieve the evidence. We can discern no reason to consider it untrue as it was not materially impeached.

It is evident that his income and ability to pay $12,000 annually in support and alimony has greatly diminished since the divorce. By the undisputed tax return for 1971 as testified to by his accountant, his gross earnings were little more than the amount required to pay the support and al-

imony required of him. It further appears that his earnings through the first half of 1972 were insufficient to pay the sums required of him. Assuming the sale of the five houses built or being built at the time of the hearing, and a return therefrom of the highest amount of estimated profit, after taxes the unmodified amount of support and alimony required would amount to more than half. It appears that a reasonable modification of the decreed alimony for the wife and support for the child in line with his actual and estimated earnings is reasonable and will not cause undue hardship upon either.

The wife has, according to the evidence since the divorce, accumulated, after living expenses for herself and the daughter, over $17,000 in savings and invested $9500 in property. She has a carpet business, and sells real estate, with rental income from a building of $500 per month, and $47.50 per month income from a mortgage. All of this has been done without the payments due from appellant. It is doubtful that a reasonable decrease based upon appellant's ability to pay, of the $700 per month support required for the child will appreciably affect her welfare.

We comment upon the condition of the wife and child not as a basis for holding the trial court in error, for such is not the reason we do so. We find from the evidence that there has been such a material change in the ability of appellant to pay the large amounts originally decreed, that the court in refusing to grant relief by way of modification was plainly and palpably wrong. Sides v. Sides, 284 Ala. 39, 221 So.2d 677; Leo v. Leo, 280 Ala. 9, 189 So. 2d 558. We therefore reverse that part of the decree of July 7, 1972, such being the only part presented by this appeal, and remand the matter to the trial court for further consideration.

·Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.