321 So.2d 660

**Judy Norma WOMBLE**

v.

**Carlos Arthur WOMBLE, Jr.**

**Civ. 528.**

Court of Civil Appeals of Alabama.

Aug. 27, 1975.

Rehearing Denied Sept. 24, 1975.

Harry B. Cohen, Birmingham, for plaintiff.

Robert S. Vance, Birmingham, for defendant.

WRIGHT, Presiding Judge.

This is an appeal from the denial of modification of a decree for child support.

The parties were divorced in 1962. There were two children. By agreement, the divorce decree awarded custody of the children and support in the sum of $100.00 per month to plaintiff. The children were then infants.

In 1970, upon petition of plaintiff, modification, based upon agreement, was entered increasing support to $150.00 per month.

The present petition was filed in July, 1974. Changed circumstances were alleged since 1970, which included increased age of the children, physical and mental disabilities of the children requiring expensive treatment and appliances, increased cost of living due to inflation and increase in ability of defendant to contribute.

Evidence was submitted by plaintiff that the children were 12 and 13 years of age. One child had a learning disability causing him to be two to three grades behind his peers in school. However, plaintiff had been advised that special schooling was needed. The cost of such school was $1,000.00 per year. The other child had a serious overbite which needed to be corrected by orthodontic treatment and appliances prior to age 15. Cost of such appliances and treatment was not shown. However, the trial judge announced to plaintiff that he had children of his own and was familiar with such costs. There was some itemization of expense incurred in the support and maintainence of the children by plaintiff. Such expense substantially exceeded the amount contributed by defendant. There was undisputed evidence that the income of defendant had increased some three to four thousand dollars since the last decree, and that his present income was approximately $18,000.-00 per year. It was shown that defendant had been transferred from Ohio to California and had been given a substantial increase in salary to compensate for the difference in cost of living between the two localities. There was a comparison of income after taxes between plaintiff and defendant in 1973, with the amount of support contributed by defendant added to the income of plaintiff and deducted from the income of defendant. The result was that their net incomes were approximately the same. It is to be noted that plaintiff at times had worked at more than one job to produce her income. It is to be noted that the trial court used such comparison of income in its decree. We will discuss this aspect later in this opinion.

The basic issue on this appeal is whether the court erred in its finding that there had been no material change of circumstances since the decree of 1970 warranting a modification thereof.

We repeat here what we said in *Sellers v. Sellers,* 50 Ala.App. 158, 277 So. 2d 616.

"We approach this appeal, as in all cases in which the testimony is heard orally by the court, with the presumption that the decree of the court is correct. *Lee v. Lee,* 283 Ala. 275, 215 So.2d 718; *Alabama Elec. Co-op., Inc. v. Partridge,* 283 Ala. 251, 215 So.2d 580; *Jordan v. Ellis,* 278 Ala. 116, 176 So.2d 244. That the modification of a prior decree for support and alimony, based upon changed circumstances of the parties, is largely a matter within the judicial discretion of the trial court. The exercise of such discretion is to be disturbed on appeal only if from a review of the evidence this court finds in the decree such

an abuse of discretion as to be plainly and palpably wrong. *Southern Sash of Huntsville, Inc. v. Jones,* 286 Ala. 672, 245 So.2d 185; *Brantley v. Hall,* 286 Ala. 400, 240 So.2d 364; *Wolfe v. Thompson,* 285 Ala. 745, 235 So.2d 878."

■ Our review of the evidence results in the conclusion that the court erred in finding that there had been no change in conditions and circumstances of the parties and that the "financial needs of the children have not substantially changed beyond the needs recognized and contemplated by the parties at the time this matter was last before the court."

■ The conditions and circumstances of the parties, though pertinent, are not the controlling criteria in determining the changed needs of the children. It is the material change in the needs, conditions and circumstances of the children that is the most pertinent factor in considering modification of a decree of support. That factor coupled with the father's financial ability to meet such needs determines the basis for modification. *Skipper v. Skipper,* 280 Ala. 506, 195 So.2d 797.

■ The finding in the decree that the children's financial needs have not substantially changed beyond that recognized and contemplated by the parties at the time of the last decree implies that the court is to be bound by contemplation or agreements of the parties in determining the needs of the children. Such is not the law. *Hutton v. Hutton,* 284 Ala. 91, 222 So.2d 348; *Hall v. Hall,* 280 Ala. 275, 192 So.2d 727. The mother cannot waive or release a father from his obligation to meet the needs for support of his children as they are shown to exist at any time. If the father is financially able to respond to those needs as they may materially change from time to time, it is the responsibility of the court upon petition and proof to cause him to do so. The primary responsibility of support for minor children falls upon the father within his reasonable financial capabilities. *Brock v. Brock,* 281 Ala. 525, 205 So.2d 903.

■ The comparison of income and financial ability between the mother and father is not the proper criteria for determining the amount of support required of the father. The evidence shows without dispute that the mother, has throughout the life of the children in this case, furnished the majority of their financial needs. It is further undisputed that she has furnished all the love and parental care and attention they have received. The fact that she has by agreement, necessity, or acquiescence accepted and fulfilled such responsibility does not and cannot release the father from presently assuming an additional portion if the present needs of the children require it. If it be a fact that the mother's income is as great or greater than the husband's, such in no way changes the primary and compelling responsibility of the father to furnish support according to the needs of the children within his reasonable ability to do so. *Brock v. Brock, supra.* If it were otherwise, the liability of the father would not depend upon his means but upon that of the mother.

As we see it, the question presented by the request for modification by increase in support was: do the children, due to material changes in circumstances since the decree of 1970, have need for additional support from their father and does he have reasonable financial ability to meet all or some of such need?

■ Whether such increase in need was contemplated or recognized by the parties in 1970 appears immaterial.

■ It is without dispute that since 1970, events and circumstances have indicated that one child is having learning difficulty in school and is unable to keep up

**322**

with his peers. The evidence indicates rather expensive special school is necessary for him to develop to his best capacity. It is further undisputed that the other child needs orthodontic care and appliances. The immediate and evident need for such care has arisen since 1970. It is a matter for judicial recognition that the sum of $150.00 per month has markedly lost purchasing power since 1970. It is further undisputed that because of advanced age and activity the cost of feeding, clothing, supplying school equipment and furnishing other needs of growing boys has increased.

Thus we have enumerated material changes of circumstances affecting the needs of the children since 1970. Plaintiff presented evidence from which the court might determine some of the cost of the needs brought about by such changed circumstances. The court may take judicial knowledge of increased need due to change in the state of the economy. Others may be determined upon remandment. The means available to defendant is before the court. It is within the discretion of the court to determine if and how much defendant, from such available means, is reasonably able to contribute. It does not require comparison of income to determine that whatever needs defendant is not required to supply, plaintiff or someone else must do so. Such has been the case for 13 years. Plaintiff is to be greatly commended for having performed so well from the age of 20.

Appellee cites our case of *Thomason v. Thomason,* 53 Ala.App. 206, 298 So.2d 627, and indicates that it supports the balancing of abilities of the mother and father to furnish support as the court did in its decree. Our decision in that case gives no such support. We restated there the primary responsibility of the father to support his children but stated that if such responsibility was incapable of being performed we knew of no law which prevented requirement of support by a mother if she was shown capable of doing so. What we said in *Thomason* supports what we have said here and in no way indicates that the primary responsibility of a father is lessened by showing capability of the mother to contribute.

We hold that the trial court erred in finding in its decree that there had been no substantial change in the financial needs of the children since the decree of 1970. We therefore reverse the decree and remand for consideration of the needs of the children because of changed circumstances and determination of the financial ability to contribute to such needs.

Reversed and remanded.

## On Motion to Dismiss

Where decree is a single unit, assignment of error alleging merely that the decree is not supported by the evidence is sufficient. *Robbins v. Kelson,* 284 Ala. 645, 227 So.2d 415; *Powell v. Powell,* 285 Ala. 230, 231 So.2d 103.

Motion denied.

BRADLEY and HOLMES, JJ., concur.