This is a divorce case.
The issues on appeal are: Did the trial court err to reversal in its award of alimony and in requiring the appellant-husband to pay certain expenses for an adult child? We affirm in part and reverse in part.
The original decree in pertinent part ordered the husband to pay $350 per month alimony. The home and furnishings were awarded to the wife. In addition, the husband was required to pay the debts of the parties. The husband retained three house trailers and forty acres of land.
Additionally, the husband was ordered to pay all expenses for his nineteen year old daughter's college education and to furnish her with a car. The wife was given custody of the daughter. The husband, a retired Army man, was ordered to maintain his U.S. Government health, etc., insurance on the *Page 1364 
wife and his son and daughter. If this was not possible, he was apparently ordered to either procure comparable insurance for all of them or pay all medical bills which they might incur in the future.
Thereafter, on motion and a hearing, the alimony payments were reduced to $275 per month. All other pertinent provisions of the original decree alluded to above were to remain in effect.
We do not deem it necessary to set out in detail the evidence regarding the parties' finances and personal situation. There is evidence that reveals the following:
The wife is forty-three years old and is unemployed. She and the husband have been married since 1952, with one prior divorce in 1970 and remarriage in 1971. She has never worked save as a waitress, apparently in a family business, a local truck stop managed by the husband. She has a sixth grade education. She has high blood pressure and diabetes, and may need a hysterectomy.
The husband nets $480 per month from the U.S. Government as retirement pay from the U.S. Army. He receives some income from the rental of the house trailers. However, there are mortgages on two of the trailers. In addition to his retirement pay, the husband is employed by TVA and earns $5 per hour. The husband testified this work was seasonable. However, his federal income tax return for 1974 revealed an income of approximately $14,000. His returns for the three preceding years show income of from $10,000 to $13,000.
Additionally, there is testimony that the husband committed adultery. There was also considerable testimony by the wife that the husband assaulted and beat her and threatened her life on numerous occasions, both before and after the original divorce decree. The husband tended to portray the wife as a hypochondriac with delusions of persecution and an uncontrollable temper.
Initially, we find the learned trial court erred in granting custody of a nineteen year old child to the wife and in requiring the husband to pay for the nineteen year old child's education, providing her with a car, and either paying medical bills of her and her brother (the brother is twenty years old), or providing insurance for them. The court has no power to make such orders with respect to adult children. Hardiman v.Hardiman, 48 Ala. App. 427, 265 So.2d 607, and cases cited therein. The cases found in 15A Ala.Dig. Parent and Child 3.1 (1), plainly show by its general tenor that a father's obligation is solely toward his minor children. It affirmatively appears from the complaint that the daughter was then nineteen, on September 19, 1975; the bill making nineteen the age of majority was passed on July 22, 1975.
All such portions of the decree as are invalid as shown by the above are to be reversed.
We have carefully considered the evidence in light of the presumption that the judgment of the trial court after oral hearing is correct. Helms v. Helms, 54 Ala. App. 551,310 So.2d 475. So viewing, it appears that the husband has an income of approximately $980 per month, not including the income from the rental of house trailers, and expenses of approximately $350. We do not find that the award of alimony, in this instance, when viewed in light of all the evidence, requires reversal. It is not the province of this court on appeal to substitute our view of the testimony for that of the trial court. Lamar v.Lamar, 263 Ala. 391, 82 So.2d 558. That court has broad discretion and will not be reversed except for palpable abuse.Sellers v. Sellers, 50 Ala. App. 158, 277 So.2d 616. We find no such abuse in the judgment below as it relates to alimony.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1365