PER CURIAM.
This is an appeal from the Circuit Court of Baldwin County’s action ordering the appellant-husband to pay $2,841 in alimony for the calendar year 1976. The husband appeals and we affirm.
The dispositive issue is whether the trial court abused its discretion in ordering the alimony paid.
The record reveals the parties were divorced in 1974. The decree by way of an agreement provided in pertinent part as follows:
“3. Zell Middleton agrees to pay Irene Middleton, so long as she remains unmarried, the sum of $3,500.00 a year as alimony. This amount may be compromised if a bad farming year occurs. If this should take place, the amount of income balanced against the amount of bills incurred is to be considered in establishing the amount of alimony to be paid that year.”
In August of 1976, the wife petitioned the circuit court alleging that the husband should be held in contempt of court for failure to pay the required alimony. After a hearing ore tenus, the trial court found the husband owed $700 in past due alimony for the year 1975. The trial court further found the husband owed alimony in the amount of $2,841 for 1976, the husband having paid $659, and ordered the $2,841 sum to be paid by December of 1976.
The husband through able counsel argues that the evidence adduced at the hearing showed that the husband experienced a “bad” farming year in 1976. Specifically, he states that the husband lost money on potatoes; made a small amount on corn; owed a considerable sum to fertilizer companies and a production credit association.
At the conclusion of the hearing, the trial judge stated the following which we consider pertinent:
“It looks like to me, this woman stayed married to this man 22 years, got out and left him with his land and equipment and took this agreement that he would pay her $3500.00 a year . . .”
The husband contends that the aforementioned divorce decree mandates a reduction or modification of the $3,500 alimony to be paid if a bad farming year occurred. We note that we find no petition for such modification; however, the matter was tried as if there was such a petition.
*952 We do not find the above quoted provision of the prior divorce decree to be mandatory on the trial court. Specifically, the words, “may be compromised,” are used. We take this to only be a factor for the trial court to consider in determining whether a modification of alimony should be ordered.
In any event, the dispositive principle of law is that a modification of a prior decree of alimony based on changed circumstances of the parties is largely a matter within the judicial discretion of the trial court; the exercise of such discretion is to be disturbed on appeal only if there is such an abuse of discretion as to be plainly and palpably wrong. Womble v. Womble, 56 Ala.App. 318, 321 So.2d 660, cert. denied 295 Ala. 429, 321 So.2d 664; 8 Ala. Digest Divorce 245(3), 286. After a careful review of the evidence, we find no such abuse in this instance, even if it were conceded the “bad farming year” occurred. There is testimony that the husband owns one-third interest in 160 acres of land, farming equipment and cattle, and has purchased a new truck. Additionally, there is testimony that while the parties were married, “bad” farming years had occurred and the husband provided for the wife during those years as well as “good” years. For this court to reverse in this instance, we would have to substitute our judgment for that of the trial court. The law of Alabama does not provide for such substitution.
Appellee-wife in brief states that this court may on application award an attorney’s fee for service on appeal. We find no formal application for such fee; however, we will consider appellee’s brief to be such application. We decline to make such award.
This case is due to be and is affirmed.
AFFIRMED.
All judges concur.