The trial court refused to modify an award of alimony to wife. The husband appeals and we affirm.
The parties were divorced in 1974. An agreement between the parties was entered into regarding alimony and other matters. This agreement was incorporated into the decree of divorce. In 1976, the husband filed his petition to modify the divorce decree contending that there had been a material change in circumstances. Specifically, the husband alleged that his income had been reduced and requested that the trial court eliminate or decrease the amount of alimony.
The trial court held an ore tenus hearing where the witnesses were the husband and the wife. Thereafter, the trial court entered an order denying the husband's petition to modify. It is from this order that the husband appeals.
While able counsel for the appellant-husband presents to this court several issues, the dispositive issue is whether the trial *Page 924 
court abused its discretion in refusing to modify a prior decree for support and alimony.
As in all cases, in which the testimony is heard orally by the court, the presumption is that the decree of the trial court is correct. The modification of a prior decree for support and alimony, based upon changed circumstances of the parties, is largely a matter within the judicial discretion of the trial court. The exercise of such discretion is to be disturbed on appeal only if from a review of the evidence this court finds in the decree such an abuse of discretion as to be plainly and palpably wrong. See Womble v. Womble, 56 Ala. App. 318, 321 So.2d 660, cert. denied 295 Ala. 429, 321 So.2d 664
(1975); Sellers v. Sellers, 50 Ala. App. 158, 277 So.2d 616
(1973).
We do not deem it necessary or prudent to detail the supportive evidence in this matter. Suffice it to say that in this instance where the husband's present gross income is in excess of $20,000 per year; the amount of alimony is approximately $200 per month; and the agreement of the parties incorporated in the decree has been in effect for approximately two years, we find no abuse by the trial court in refusing to modify.
In addition to the above, the husband in brief argues that the trial court did not address itself to all the issues before it. Quite frankly, we find no basis for this argument. Additionally, the husband contends that Alabama's alimony statutes, Tit. 34, §§ 31, 32, are unconstitutional. See Orr v.Orr, Ala.Civ.App., 351 So.2d 904 (1977); Blackwell v.Blackwell, Ala.Civ.App., 348 So.2d 500 (1977).
The case is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.