HOLMES, Judge.
This is a child support case.
The wife sought an increase in child support and clarification of a certain portion of the divorce decree. After an ore terms hearing the trial court denied any increase in child support and attempted to clarify the prior decree of divorce. The wife appeals.
The primary issue on appeal is whether the trial court abused its discretion in failing to award any increase in child support.
Viewing the record with the attendant presumptions accorded the trial court’s decree, the following pertinent facts are revealed.
The parties were divorced in February of 1977. They had three children; twins Kathy and Jay, were nine and Michael was seven. The wife was awarded $150 per month child support.
In 1977 the husband’s salary was $15,775. When the wife brought this action in 1979, his salary was $18,339, which amounted to a 16% increase since the divorce.
The wife, through able counsel, contends that the children’s expenses have increased and further relies on inflation to show that an increase of child support is necessary. There is evidence to support her contention.
It is well-settled in Alabama that the modification of a child support decree, *1004 based upon changed circumstances of the parties, is a matter within the discretion of the trial court. Young v. Young, Ala.Civ. App., 376 So.2d 737 (1979); Sellers v. Sellers, 50 Ala.App. 158, 277 So.2d 616 (1973). The trial court’s determination will not be reversed unless it is so unsupported by the evidence as to be plainly and palpably wrong. Bill v. Bill, Ala.Civ.App., 370 So.2d 1023 (1979). The burden is on the petitioner to show a material change in circumstances sufficient to warrant a modification of a child support decree. McEntire v. McEntire, Ala.Civ.App., 345 So.2d 316 (1977).
While the trial court’s action may not have been what this court would have done in the first instance, we cannot say that the trial court so abused its discretion as to require reversal. To do so would be to substitute our judgment for that of the trial court. This Alabama law does not permit. Sutton v. Sutton, 55 Ala.App. 254, 314 So.2d 707 (1975).
As indicated above, there is evidence that the financial needs of the children had increased between 1977 and 1979. There is additional evidence, however, that the husband, even though not legally required to do so, has in fact met those needs. Additionally, the husband’s salary has increased by only a small amount and there has been a relatively short period of time since the divorce decree was rendered. In light of these facts, as indicated, there has not been such an abuse of discretion by the trial court as to require reversal.
The other issue regarding the clarity of a provision in the original decree of divorce was, during oral argument before this court, waived by counsel.
The wife’s request for attorney’s fee for representation on appeal is denied.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.