EDWARD N. SCRUGGS, Retired Circuit Judge.
The trial court denied the plaintiff’s motion to terminate the periodic alimony of his former wife. The plaintiff appeals and contends that the circuit court was palpably wrong. We affirm.
After a contested trial, a divorce judgment was rendered in December 1978, which, among other provisions, ordered the husband to pay to the wife as periodic alimony the sum of $500 per month for twenty-four months, after which period of time the monthly payments were automatically reduced to $200.
In January 1981, the plaintiff sought to terminate such periodic alimony because of a change of circumstances, his averments in that regard being that the defendant is presently employed and that the plaintiff has remarried and additionally supports his mother.
As the only witness at the trial, the plaintiff testified that while his 61-year-old mother is not drawing any disability payments, she is unable to work at her prior job. He moved her from Mississippi to New Mexico, where he is presently stationed. Voluntary support for his mother of $300 each month is provided by the plaintiff.
He has remarried and his present wife has part-time employment and is completing her college degree in theology. Her salary is not ascertainable from the evidence.
The ex-wife, the defendant, presently lives in El Paso, Texas, where her family resides. He stated that the defendant is now employed, but her answer to interrogatories denied such fact. The parties were husband and wife for over six years. They had no children.
In October 1978 the plaintiff’s gross earnings were $1,713 per month and had increased to about $2,200 monthly by the time of the September 1981 ore tenus trial before the same trial judge who rendered the original divorce judgment.
When the circuit court refused to terminate the periodic alimony award, the plaintiff appealed.
The case of Morrow v. Morrow, 351 So.2d 923 (Ala.Civ.App.1977) is largely dispositive of the instant matter. There, the husband *115 requested alimony be eliminated or decreased and this court stated, “Suffice it to say that in this instance where the husband’s present gross income is in excess of $20,000 per year; the amount of alimony is approximately $200 per month; and the agreement of the parties incorporated in the decree has been in effect for approximately two years, we find no abuse by the trial court in refusing to modify.” Morrow v. Morrow, supra, at 924.
Here, we find insufficient changes in the circumstances of the parties to presently justify the termination of the former wife’s periodic alimony. The trial court did not abuse its discretion in that regard; thus, we must affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama (1975), and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.