BRADLEY, Judge.
This case involves a petition to collect an arrearage in child support payments and to modify the amount of child support payments.
Glenda Scott West and Wesley Davis Scott were married on January 22,1971 and were divorced on January 11, 1977. They had one child, Jason, bom of the marriage. Custody of this child was awarded to the mother, and the father was ordered to pay to the mother $100 per month as child support.
Since this decree, both parties have remarried. The wife now has another son. The wife has quit work to devote full time to raising these children.
On September 16, 1981 the mother brought a petition asking that the father be held in contempt because he was $900 in arrears in child support payments. The mother also asked that the child support provisions be modified upwards due to changed circumstances.
At trial the mother alleged that: (1) she was no longer employed, (2) the father’s income had increased, and (3) the expenses of raising the child had increased. The father, however, argued that he and his present wife barely earned enough money to pay their current expenses. Further, he showed that the mother had quit working because her present husband earned enough to support her and the children. The husband admitted that he owed an arrearage of $900.
The trial court rendered its decree on December 15,1981. In that decree the trial court did not hold the husband in contempt; however, it did find that the husband owed a $900 arrearage plus $500 in attorneys’ fees. The court stayed the execution of this judgment, and placed the husband on a repayment schedule whereby he was to pay off this judgment by paying $25 on the 15th and 30th of each month until said judgment *982 was paid off. The court further found that child support should be increased to $150 a month, but this would not be effective until the arrearage was paid off. Finally the court established regular visitation rights for the father. From this judgment the mother has filed a timely appeal to this court.
The mother brings two issues before this court for review: (1) whether it was error for the trial court to stay execution of the judgment for child support arrearage and attorney’s fees pending payment of the ar-rearage in installments; and (2) whether the trial court erred in ordering an increase in child support to be effective some two and one-half years in the future. We find error in both instances and reverse the judgment.
In addressing the first issue, we find the case of Osborne v. Osborne, 57 Ala.App. 204, 326 So.2d 766 (1976) to be dispositive. In that case we held that arrearages in support payments are final judgments which may be collected as any other judgment. Further, we stated that a contempt of court may be purged by making authorized payments upon past-due installments, but such an order cannot be a bar to collection of a judgment by execution, garnishment or any other legal process.
In the present case the trial court, after imposing the installment plan for satisfaction of the arrearage, specifically provided that no execution shall issue so long as the installment schedule is met. By so doing, the court clearly contravened the rule laid down- in Osborne and thus committed error.
With regard to the second issue, we find that the trial court erred in ordering an increase in child support to be effective as of the date the father’s arrearage is satisfied. In determining whether modification of child support payments is justified in a given situation, the most pertinent factor for the trial court to consider is the need of the child, coupled with the father’s financial ability to meet that need. Womble v. Womble, 56 Ala.App. 318, 321 So.2d 660 (1975). It is implicit in such rule that the court can determine only the current financial needs of the child and the present ability of the father to respond to those needs.
In the instant ease the trial court, in modifying the support decree by increasing the payments, obviously concluded that the child’s needs had increased but that the ability of the father to respond to those needs was not presently adequate, because, it postponed the effectiveness of the modification until after the payment of the ar-rearage. It is apparent that the trial court concluded that the father could not pay the arrearage installments and at the same time pay an increased amount of child support.
We said in Osborne that the installment payment of child support arrearages is not a pertinent consideration in the determination of present and future child support. Hence this aspect of the trial court’s judgment is reversed and the cause remanded for a determination of whether there have been sufficient changed circumstances to warrant a change in child support without consideration of the order for installment payment of child support arrearages.
The wife has requested an award of attorney’s fees for this appeal. We grant her request and award $350 as attorney’s fees.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., concurs.
HOLMES, J., concurs in part and dissents in part.