HOLMES, Judge.
This case is the second appeal to this court involving a petition to modify the amount of child support payments.
The mother and father in this case were divorced in 1977. The custody of their one child was awarded to the mother, and the father was ordered to pay the mother $100 per month in child support.
In September, 1981, the mother brought a petition asking that the father be held in contempt because he was $900 in arrears in child support payments. The mother also sought an increase in the child support provisions due to changed circumstances.
In his first decree, the trial judge found the father owed $900 arrearage plus a $500 attorney’s fee, but did not hold him in contempt. The trial judge stayed the execution of this judgment, and placed the husband on a repayment schedule where he would pay $50 a month until the judgment was paid off. The trial judge also found that the child support should be increased to $150 a month, but this increase would not be effective until the arrearage was paid off. The mother appealed, claiming it was error to stay the execution of the judgment for arrearages, and error to order an increase in child support effective two and one-half years later.
In West v. Scott, 414 So.2d 981 (Ala.Civ.App.1982) (Judge Holmes concurring in part and dissenting in part)[1], this court found error in both aspects raised by the mother. This court reversed and remanded with instructions for the trial court to determine “whether there have been sufficient changed circumstances to warrant a change in child support without consideration of the order for installment payment of child support arrearages.” West v. Scott, supra, at 982. For perhaps a better understanding of this appeal interested persons should refer to West v. Scott, supra.
On remand, without hearing any new evidence, the trial judge amended his first decree to read: “The Court finds insufficient changes of circumstances to justify modification of child support payments by Defendant [father] and the Petition For Modification of child support payments should be denied.”
From this amended decree the mother through able counsel appeals, claiming the trial court abused its discretion in denying the previously-ordered modification of child support. We find no error and affirm.
Despite the procedural history of this ease, the sole issue on appeal in view of the court’s prior opinion is whether the trial court abused its discretion in denying a modification of child support payments. As indicated, we find no such abuse of discretion and affirm.
At the onset we note “[o]ur well-established rule ... that the modification of a decree for child support is a matter for judicial discretion of the trial court. [Citation omitted.] On appeal, this court will not disturb the exercise of that discretion absent our finding, upon review of the evidence, that the trial court’s judgment is plainly wrong.” Phillips v. Phillips, 395 So.2d 1040, 1042 (Ala.Civ.App.1981). See also, e.g., Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979).
Viewing the record with the attendant presumptions, the following pertinent facts are revealed:
Since their divorce, both parties have remarried. The wife has a second son and quit her job to be at home full time with her two children. The father also now has a second child.
At the time of the modification hearing, the father earned $1,100 a month gross income with an apparent take home pay of $725 per month. Although his employer furnished him with a car, the employer deducted $15 a month for the car. In addition, the father still had to pay for gas, oil and insurance for his personal use of the car. An examination of the father’s monthly budget indicated no extravagances. The father testified that even with his wife’s *138 income they had trouble making ends meet. Furthermore, at the time of the original decree more than four years ago the father’s take home pay was approximately the same as it was at the modification hearing, to wit, $690.
In upholding a trial court’s denial to increase child support payments, this court wrote: A modification in child support “must be founded upon changed circumstances as to the needs of the children and the means of the parent. It is a matter for exercise of judicial discretion. The judgment of the trier of fact will be disturbed on appeal only if the evidence shows the trial court to be plainly wrong.” Murphree v. Murphree, 366 So.2d 1132, 1134 (Ala.Civ.App.1979). After our review of the record, we cannot say the trial court was “plainly wrong” as there was evidence the father lacked the means to pay an increased amount.
The mother’s and father’s request for attorney’s fee, in light of the above, is denied.
There being no error, we affirm.
AFFIRMED.
WRIGHT, P.J., concurs.
BRADLEY, J., dissents.

. The author of this opinion dissented in part in West v. Scott, supra, and does not retreat from that position. Nonetheless, I recognize that the majority opinion is the law of the case.