BRADLEY, Judge,
dissenting:
I respectfully dissent.
In its first decree the trial court awarded the mother an increase in child support of $50 a month to be effective when the ar-rearage was paid in twenty-nine months. The father had been ordered to pay the arrearage at the rate of $50 a month. The evidence shows that the father admitted he could pay an additional $50 a month in child support.
We said in West v. Scott, 414 So.2d 981 (Ala.Civ.App.1982) that the payment of child support arrearages is not a pertinent consideration in the determination of present and future child support. Yet the trial court, on remand of this case and without taking additional testimony, amended its original decree, i.e., the one in which it had held on the same facts that the father could pay $50 more a month child support after he paid the child support ar-rearages, to hold that now no such increase in child support was warranted. What had changed between the first decree and the second decree to authorize such a change in its award?
So far as I am able to determine, nothing has changed except as suggested by counsel in brief that the arrearage has been paid. If in fact the arrearage has been paid, the impediment to immediate payment of the increase in child support has been removed and the father could start now paying the $50 increase in child support.
I would reverse the present decree and require the court to implement its previous findings.