This case first was presented to this court in an appeal from a judgment of denial of modification of a prior divorce decree which required the former husband and father to pay the amount of $200 per month for child support and $250 per month for alimony. This court upon review found judgment of denial of modification contrary to the undisputed evidence. We reversed the denial of modification. Because of post judgment evidence presented, the matter was remanded to the trial court for determination of present ability of the father to pay. Stinsonv. Stinson, 466 So.2d 971 (Ala.Civ.App. 1985). *Page 436 
The evidence before the court in the prior hearing was summarized in our opinion. Briefly, it was that the father had been unemployed since 1983. His unemployment benefits had been exhausted. He had sold a van and from the proceeds he had made payments for alimony and support. He had no income, with high doctor and medicine bills. He had various serious physical ailments. His physician stated he was physically unable to perform sustaining work, such as forty hours per week.
Upon remand from the first appeal, the trial court set the matter for hearing as directed. The father was the only witness presented. His testimony was, in general, that he had no funds, was remarried to a woman who worked and in whose house they lived. His physical condition remained the same, though he worked for his brother-in-law a few days per month when he felt like it. He was paid $30 per day in cash for each day he worked. With the aid of his present wife, he had made all of his child support payments as due, but had not made any alimony payments for some time. He could neither read nor write and had no prospect for improvement. His analysis was that he could not make the payments as ordered by the court.
The father was cross-examined by counsel for the former wife and questioned extensively by the court. The judge in open court stated and subsequently entered in the judgment, that he did not believe the father's inability to pay or to work; that he secrets his assets and income and that he is able to make the payments as ordered. In spite of the stated disbelief of the father's testimony and the stated opinion that he was able to pay the full amount of alimony and child support first ordered, the court nevertheless reduced the alimony by fifty percent ($125 per month). However, the court ordered the father to make payments of $25 per month toward satisfaction of the $1,625 delinquent alimony determined to be due.
This court has stated on other occasions that we recognize the frustration often encountered by a trial judge faced by the recalcitrant and apparently uncaring parent and former husband who uses every dodge and maneuver known to avoid court orders for child support and alimony. We also recognize the rule that the weight and credibility to be given testimony of a witness is for the trial court. However, we have also stated that in spite of such recurring frustrations, the court in attempting enforcement or considering modification must act within the parameters of the unimpeached testimony presented. Wise v. Wise396 So.2d 111 (Ala.Civ.App. 1981); Sellers v. Sellers,50 Ala. App. 158, 277 So.2d 616 (1973). The trial court not only stated disbelief of the father, but made findings of fact contrary to his testimony. There is no basis for such findings.
We stated in our opinion in the first appeal in this case, speaking through the writing of retired Circuit Judge Robert M. Parker, that the father at that time, according to the undisputed evidence, did not have the ability to pay the amount of $450 per month as ordered by the court. We remanded for further consideration only because there was post judgment evidence that the father had secured temporary employment from which the court might find some ability to pay.
It is the rule that a finding entered after hearing ore tenus evidence is entitled to a presumption of correctness. Metcalfv. Metcalf, 340 So.2d 38 (Ala.Civ.App. 1976). However, the rule does not apply if the evidence heard is without conflict or dispute. Stiles v. Brown, 380 So.2d 792 (Ala. 1980). In this case there is no conflict to the material evidence that the father is uneducated, ill, broke and without funds other than provided by his wife and those earned when he works a few days at $30 per day. From the evidence, it is clear that if he worked five days a week or twenty days a month at $30 per day he would earn only $600 per month. Such full time work would not provide the required amount and his own living and medical expenses, and would be subject to all deductions. The trial court has said that it disbelieved the father's testimony that he had little income *Page 437 
and was unable to work, but rather believed that he had secreted assets and income from which to pay. We have searched the evidence and can find nothing to support the factual conclusion of the court. The former wife has not produced in court any evidence refuting that of the father nor giving support to the judgment of the trial court. We therefore find no support for the judgment of the court and said judgment must be reversed. It must be that if the father has assets and income from which to pay, there is evidence which will establish it. The record in neither of the cases brought to this court on appeal discloses any effort to produce it. The opinion of the trial court without evidence to support it must fall.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., dissents.