BRYAN, Judge.
This is the second appeal in this case. For the factual background of the case, see McCarthy v. Popwell, 880 So.2d 1156 (Ala.Civ.App.2003). In the previous appeal, Donna Lynn Popwell McCarthy (“the mother”) appealed a judgment requiring her to pay postminority educational support in the amount of $280 per month as long as the son born of her marriage to Arthur J. Popwell (“Mr. Popwell”) was pursuing a college education and maintaining a “C” average. This court reversed that judgment on the grounds that the trial court, in requiring the mother to pay postminority educational support, had not considered evidence of the mother’s financial resources, had not limited the duration of the mother’s obligation to pay the support to a reasonable time, and had not required the son to maintain his status as a full-time student as a condition of the mother’s obligation to pay the support. This court remanded the case with instructions to the trial court to address those errors.
On remand, the trial court received evidence ore tenus regarding the mother’s financial resources and, subsequently, entered another judgment. That judgment required the mother to pay $280 per month in postminority educational support, limited the duration of the mother’s obligation to pay the support to a reasonable time not to exceed two years, and required the son to maintain his status as a full-time student as a condition of the mother’s obligation to pay the support. The mother now appeals that judgment on the sole ground that she is unable to pay any amount of postminority educational support without undue hardship because, she says, her health problems preclude her from working and earning income to pay such support. Mr. Popwell, on the other hand, argues that the evidence established that the mother has the financial ability to pay postminority educational support in the amount of $280 per month.
In Penney v. Penney, 785 So.2d 376, 379 (Ala.Civ.App.2000), this court stated that, in ruling on a petition for postminority educational support, “[t]he trial court must ... determine if the noncustodial parent has ‘sufficient estate, earning capacity, or income to provide financial assistance without undue hardship.’ Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App.1990). Undue hardship does not imply the absence of personal sacrifice, because many parents sacrifice to send their children to college. Id.”
Ordinarily, a judgment entered on the basis of ore tenus evidence is entitled to a presumption of correctness. Coby v. Coby, 489 So.2d 597, 598 (Ala.Civ.App.1986). However, that “rule does not apply if the evidence heard is without conflict or dispute. Stiles v. Brown, 380 So.2d 792 (Ala.1980).” Stinson v. Stinson, 494 So.2d 435, 436 (Ala.Civ.App.1986). Although the legal significance of the facts established by the evidence in this case is disputed, the facts themselves are not. Consequently, the judgment in this case is not entitled to a presumption of correctness even though the trial court received evidence ore tenus. Stinson v. Stinson.
The undisputed evidence in this case established the following facts. The mother has not worked since October 1999, when she earned $6.50 per hour. The mother lives with her current husband and *59 a minor child[1] in a single-wide mobile home, which is encumbered by debt. The record does not disclose either the value of the mobile home or the amount of the debt encumbering it. The mother’s current husband earns $32,000 per year. The minor child who lives with the mother and her current husband receives a Social Security survivor’s benefit of approximately $900 per month due to the death of that child’s natural father. The mother and her current husband own a 1994 Ford Escort automobile, a 1974 Ford pickup truck, a boat, and a computer. Although the vehicles are not encumbered by debt, the record does not disclose their value. While the record discloses that the boat is encumbered by debt, it does not disclose either the value of the boat or the amount of the debt encumbering it. The record does not disclose the value of the computer.
The mother suffers from high blood pressure, high cholesterol, depression, migraine headaches, and the sequellae of a herniated cervical disk that has been treated with surgery. She experiences migraine headaches every day and experiences pain and a constant burning sensation in her neck and shoulders. The mother’s family physician expressed his opinion that, although the surgery on her herniated cervical disk has improved her symptoms somewhat, the mother still cannot work due to her neck pain and headaches. The mother has not applied for Social Security benefits based upon her inability to work.
The undisputed evidence established that the mother’s health problems preclude her from working and earning an income. Although the mother has not applied for Social Security disability benefits, Mr. Popwell introduced no evidence indi-eating that the mother’s health problems would qualify her for such benefits. Moreover, Mr. Popwell introduced no evidence of the amount of benefits the mother would be entitled to receive if her health problems qualified her for such benefits. Because the mother’s current husband has no legal obligation to support the child born of the mother’s marriage to Mr. Popwell, Deal v. Deal,. 545 So.2d 780, 781 (Ala.Civ.App.1989), we do not consider the mother’s current husband’s income. Riley v. Riley, 562 So.2d 265, 266 (Ala.Civ.App.1990) (“[W]e find no case law, and the appellant cites us to none, requiring that the new wife’s income be included in the father’s income when establishing the amount of his support obligation.”). Likewise, we do not consider the Social Security survivor’s benefit of the minor child who lives with the mother. Cf. White v. White, 334 So.2d 908, 910 (Ala.Civ.App.1976) (“A custodial parent who receives child support payments is not free to deal with that money as she shall desire, but must apply the funds for the benefit of the child.”). Moreover, in the absence of evidence regarding the mother’s equity in the mobile home, vehicles, boat, and computer, we cannot hold that those assets evidence a financial ability to pay postminority educational support without undue hardship. Accordingly, we reverse the judgment of the trial court and remand the case with instructions to the trial court to enter a judgment denying Mr. Popwell’s petition for postminority educational support.
REVERSED AND REMANDED.
CRAWLEY, P.J., concurs.
MURDOCK, J., concurs in the result, with writing.
PITTMAN, J., dissents, with writing, which THOMPSON, J., joins.

. This child is not the one born of the mother's marriage to Mr. Popwell.