298 So.2d 627

**Lewis E. THOMASON**

v.

**Ande H. THOMASON (Sims).**

**Civ. 374.**

Court of Civil Appeals of Alabama.

Aug. 7, 1974.

Corretti, Newsom & Rogers, Birmingham, for appellee.

WRIGHT, Presiding Judge.

The parties were divorced on February 22, 1971, and an agreement, which was made by them, was ratified and made a part of the final decree. By the agreement appellee, Ande H. Thomason, was given custody of the two minor children of the marriage and appellant, Lewis E. Thomason, was to pay $125 per month as child support.

On July 8, 1971, appellee filed a petition for contempt and rule nisi alleging that ap-

Skinner, Large & Corley, and Thomas L. Foster, Birmingham, for appellant.

pellant was in arrears in child support payments in the amount of $250 and that he had failed to pay certain medical expenses for one of the children as required by the divorce decree. Appellant answered and filed a cross petition for modification requesting custody of the children and an order requiring appellee to pay $135 per month as a contribution to support. Appellee also petitioned the court to modify the decree by increasing the amount of child support.

A decree of modification was rendered on November 14, 1973. This decree placed the children in the custody of appellant subject to reasonable visitation rights of the mother, relieved appellant of all support payments to appellee, and declared that there was no arrearage in prior support payments.

The decree contained the following:

"This Court concludes that under the present antiquated law of Alabama it cannot order Plaintiff, a woman to contribute even partially to the support and maintenance of said children. This Court is of the opinion that this is an inequitable doctrine which in certain cases, the case at bar being one, works a hardship on children and is not in their best interest and welfare. That, but for this ancient policy of the law, this Court would order the Plaintiff-mother to make a small contribution to child support and maintenance."

Appellant makes one assignment of error —that being that the trial court erred in its conclusion that it cannot order a woman who is financially able to contribute even partially to the support and maintenance of her minor children who are in the custody of their father because this is a denial to the father and to the children of equal protection of the law and due process of law as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

At appellee's request, the transcript of the evidence heard orally by the court is not before this court. Thus, there is not before us the evidence relating to the financial condition of the parents nor the needs of the children. Neither is it evident that a constitutional question was presented by the pleadings in the court below. The only clue to the statement of the court quoted herein above appears in the cross petition of appellant wherein he requested an order of support against appellee.

■■ It appears to us that the quoted statement of the trial judge in his decree is mere surplusage. There is no indication that the appellant is not financially able to provide adequate support for the children placed in his custody. The observation of the court that the state of the law in this state does not permit requiring support from a mother in any amount is a mere conclusion without support in the statutory or case law of this state. It is true that it is generally the law, as it was at common law, that the primary duty of support of minor children falls upon the father. This applies both during the marriage or upon its dissolution by a court decree. Brock v. Brock, 281 Ala. 525, 205 So.2d 903; Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854. However, if the evidence in a case indicates such primary responsibility is incapable of being performed, we know of no law, antiquated or otherwise, which prevents requirement of support or contribution thereto by the mother if she is shown capable of providing it.

Under the state of the record in this case, there is nothing for this court to review as to the issue presented on appeal. We therefore affirm the decree of the court, treating the quoted portion of the decree as mere surplus.

Affirmed.

BRADLEY and HOLMES, JJ., concur.