This appeal is from a decree denying a request for modification of a prior child support order.
In 1973 the parties to this appeal were divorced and the appellee-wife was awarded custody of their two minor children. The appellant-husband by written stipulations later incorporated in the divorce decree agreed to pay to the appellee $300 per month as child support. At the time of the divorce decree, appellant was earning, after taxes, $7,834 per year.
In his petition for modification of child support, appellant alleged that for the year 1975 his yearly earnings after taxes were only $6,500, and he was unable to continue to pay $300 a month child support. Appellee answered that, due to inflation, the cost of supporting two children was more than in 1973, and she urged the court not to reduce the child support. *Page 910 
After hearing the testimony of witnesses and receiving other evidence, the trial court concluded that child support should not be reduced and denied the request for modification.
The modification of a prior decree for child support, based on changed circumstances of the parties, is a matter within the judicial discretion of the trial court; the exercise of such discretion is to be disturbed on appeal only if there is such an abuse of discretion as to be plainly and palpably wrong.Sellers v. Sellers, 50 Ala. App. 158, 277 So.2d 616.
Appellant's proof of changed circumstances relates primarily to the decrease in his personal income; however, he also suggests that the evidence offered by appellee makes it doubtful that the current needs of the children warrant support payments of $300 per month.
Appellant has shown that recent financial changes left him with only forty-five percent of his earnings for his maintenance. Appellant is required to pay over half his net income as child support, although the actual amount of money left for his own expenses is greater than the amount he agreed to accept in 1973.
Appellee testified that the $300 was needed as much or more now than it had been in 1973, due to the increase in the cost of living. Moreover, appellee pointed out that in 1973 the appellant had agreed to pay the $300 monthly child support payment plus $200 per month alimony, leaving him $1,834 annually to live on. Because of appellee's remarriage the alimony payments have been discontinued, leaving appellant $2,950 to live on for the current year.
Appellee further testified to the effect that her present husband has four children of his own living at their home. The second husband gives her $50 per week for the family to live on. Appellee takes this money and commingles it with the $300 paid by appellant to pay all family living expenses, including rent. Appellant is thus paying almost sixty percent of the costs of maintaining six children, only two of them his.
In our opinion, such purely financial circumstances as appellant finds himself in should not cause us to say that the trial court plainly and palpably erred in refusing to reduce child support. The amount of child support to be awarded depends on the facts of each case, and there is no mathematical formula for determining an appropriate award, Lipham v. Lipham,50 Ala. App. 583, 281 So.2d 437. In Whitfield v. Whitfield,283 Ala. 433, 218 So.2d 146, the husband had a net income of $800 per month, out of which he was ordered to pay $300 per month child support and $200 per month alimony. The husband argued that this award of five-eighths of his salary was excessive. The supreme court disagreed and affirmed the award.
Similarly, the fact that the award in the instant case exceeds half appellant's net income does not call for reversal. However, we do find error in the trial court's failure to take into account the evidence that appellant's children either do not need $300 per month to meet their needs, or that some of the child support payments are being diverted to support the second husband's four children.
A custodial parent who receives child support payments is not free to deal with that money as she shall desire, but must apply the funds for the benefit of the child. Unaccounted for or unjustifiable surpluses of support money received over amounts actually spent for the particular child may imply that the amount of the existing support is excessive and should be reduced. In the present case, the facts do raise the suspicion that child support money has been diverted from its intended purpose: appellant's only legal duty is to provide for his own two children, Thomason v. Thomason, 53 Ala. App. 206,298 So.2d 627. However, we do not mean to imply that strict accounting methods must be employed when the household is situated as it *Page 911 
is in this case, but we do insist that there be adequate proof that the child support money being paid by the father is in fact being used for the support of his children.
The proof in the record suggests three possible conclusions: (1) appellant is subsidizing someone else's children; (2) appellant's children do not need $300 per month for their support; or (3) the $300 per month awarded for support of appellant's children is needed and is being used for appellant's children's support. If either one of the first two conclusions is found to be true, a reduction in support payments would be required. On the other hand, if the third conclusion is adopted, the $300 a month award must be continued.
We hold that further inquiry into this matter might dispel the inference that an impermissible state of affairs exists; and we think further inquiry should be made, for we are of the opinion that the trial court did not adequately consider the first and second possible conclusions that could have been reached in this case. We therefore reverse the decree of the trial court and remand the matter to it for further proceedings in accordance with this opinion.
The appellee has asked this court to award an attorney's fee for the services required of her attorney on this appeal. Such a request can be granted by this court, Lyons v. Lyons,279 Ala. 329, 185 So.2d 121. The remarriage of appellee has not relieved appellant of his duty to support the children, and the wife's opposition to the present appeal has as its object the protection of these children's entitlements. We feel that $300 is a reasonable fee for the representation appellee has received on appeal, and that amount is hereby awarded.
ATTORNEY'S FEE AWARDED; REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.