Appellant and appellee are divorced parents of three children who were killed in an automobile accident while passengers in a car owned and operated by an uninsured motorist. Under the divorce decree, the father had custody of two of the deceased children; and the mother had custody of the other one. The father owned two automobiles, insured respectively by State Farm Insurance Company and Farm Bureau Insurance Company.
This action was brought by the father against State Farm and Farm Bureau under the uninsured motorist provisions in his *Page 355 
policies. Both companies admitted liability up to the policy limits for the two children living with their father. The insurers then joined the mother as an additional party in an interpleader action. Both father and mother filed motions for summary judgment, the mother claiming one-half of the funds paid into court. No facts are disputed. The court granted the father's motion and the mother appealed.
The central issue is the mother's claim to a share in the funds. Title 7, §§ 118 and 119, Code of Alabama 1940 (Now, §§6-5-390 and 391, 1975 Code), provide:
 "§ 118. Father may sue for injury to minor child. — A father, or in case of his death or desertion of his family, or his imprisonment for a term of two years or more under a conviction for crime, or of his confinement in an insane hospital, or if he has been declared of unsound mind, the mother may sue for an injury to a minor child, a member of the family.
 "§ 119. Suits for injuries causing death of a minor child. — When the death of a minor child is caused by the wrongful act, or omission, or negligence of any person or persons, or corporation, his or their servants or agents, the father, or the mother, in cases mentioned in the preceding section; or if the father and mother are both dead, or if they decline to bring the action or fail to do so within six months from the death of the minor, the personal representative of such minor may sue, and in any case shall recover such damages as the jury may assess; but a suit by any one of them for the wrongful death of the minor shall be a bar to another action, either under this section or under section 123 of this title."
The mother argues that any recovery under § 119 should be for the benefit of both parents and, in the alternative, that § 119 is unconstitutional because it discriminates on the basis of sex.
In Peoples v. Seamon, 249 Ala. 284, 287, 31 So.2d 88, 89
(1947), this court held:
 "When a minor child is killed by the wrongful act of another, and he leaves surviving his father, the damages recoverable [under § 119] are for the benefit of the father, where the suit is by the father personally or by an administrator [Citations Omitted] . . ."
As recently as 1970, the holding of Peoples v. Seamon, supra, was followed in Adkison v. Adkison, 286 Ala. 306, 239 So.2d 562
(1970). The appellant concedes that Peoples and its progeny are contrary to the position which she takes, but argues that those cases should be overruled and a rule established which would permit parents of minor children negligently killed to share in the proceeds of any recovery based upon such negligence. We are not free to adopt such a rule. The language of the legislation supports the construction heretofore adopted by this court. It has long been established by the legislature that, as between the two parents, the father has the primary duty to support and maintain the minor children of the parties. It is free, therefore, to provide that the parent with this primary obligation is entitled to any damages recovered as a result of injury to or death of a minor child.
The appellant next argues that the legislation is invalid under the Constitution of the United States and the State of Alabama, because it discriminates against mothers of minor children. This argument was advanced and rejected in the recent case of Thorne v. Odom, 349 So.2d 1126, 1128, 1129 (Ala. 1977), where this court said:
 "Initially, we hold that the trial court's order declaring Title 7, § 118 unconstitutional was erroneous. Contrary to his finding, that statute does not give the father the absolute right over the mother to file such an action, but a conditional right as the remainder of our opinion will show. Additionally, we disagree that the statute imposes an arbitrary distinction. Under the Fourteenth Amendment to the United States Constitution, states may treat different classes of people differently when the classification rests upon a fair and substantial relation to the object of the legislation. Montgomery County v. Walsh, 274 Md. 502, 336 A.2d 97 (1975); Royster Guano Co. v. Virginia, *Page 356 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920). The object of § 118 is to provide a right of action for the parent's damages for loss of services, expense of treatment, etc. for the child's injury. Section 119, by the same token, allows a right of action in cases of wrongful death. The classification imposed by § 118 is not arbitrary, because the legislature has recognized that, between the two parents, the father has the primary and continuous duty to support and maintain his minor children reasonably according to his means. Thomason v. Thomason, 53 Ala. App. 206, 298 So.2d 627 (1974); Brock v. Brock, 281 Ala. 525, 205 So.2d 903 (1967); Stovall v. Johnson, 17 Ala. 14
(1849). This continuing obligation gives the father the priority in receiving any damages because of the injury or death of the child."
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.