Plaintiff and defendant, formerly wife and husband, were divorced in November 1976. Defendant by agreement was given custody of four minor daughters. Two of the daughters have since married and are no longer dependent. In December 1978 defendant filed a petition to require plaintiff to contribute to the support of the two children remaining at home, alleging change of circumstances since the decree of divorce. The court heard oral testimony and arguments of counsel in April of 1979. Judgment was thereafter entered requiring plaintiff to pay to defendant the sum of $50 every two weeks as support for the two minor children. Plaintiff appeals.
The testimony is summarized as follows: Since the divorce, defendant has had custody of and been the sole support of the minor children. By agreement at the time of divorce, the home and most of the personal property were awarded to defendant. The plaintiff was awarded $4,000 alimony in gross payable if the home was sold or when the youngest child reached the age of eighteen. Defendant is a coal miner. At the time of the divorce, he was making $60 per shift, ordinarily working five shifts per week with some overtime. He is presently working a similar schedule at $70 per shift. The girls remaining at home are ages sixteen and fourteen. There was a period of several months in 1977-78 when defendant was on strike and was unable to meet his obligations. He incurred some debts which he is now paying monthly in addition to living expenses. He earned some money during the strike at other jobs.
Plaintiff was working at the time of the divorce. For seventeen months prior to March 1979, plaintiff was employed earning approximately $120 net per week. She quit her job about a month before the hearing. She had remarried some two years after the divorce. She stated she had quit her job because she had agreed with her husband that she would as soon as certain obligations were paid. She is now thirty-seven years old, in good health and able to work, but has no present income or estate.
The defendant cited little if any particular needs of the children that he was unable to satisfy. His primary complaint was that he had debts and there were some things the girls could use such as clothes and dental examinations. He was meeting his obligations with some money left over. He often went to a club and gambled small amounts.
Upon completion of the testimony, the record discloses a colloquy between the court and defendant's counsel concerning the present state of the law as to the respective responsibilities of divorced parents for support of their minor children. There was also discussion of prospective changes in the common law because of recent decisions which would assess the duty to support minor children to the parents on a neuter gender basis. That is, the mother has an equal duty to that of the father. Thereafter, the court entered judgment finding that there had been a change in circumstances since the divorce in that the income of defendant had decreased, his debts had increased, the children were older, their expenses greater and defendant's earnings were insufficient to provide them necessary care.
Indulging the required presumption of correctness of the findings of fact of a trial judge who heard the testimony orally, we cannot hold these findings unsupported by the evidence and thus erroneous. Marks v. Marks, 365 So.2d 1231
(Ala.Civ.App. 1979). However, the subsequent requirement that the mother contribute $50 every two weeks as partial support of the children cannot stand. We reverse that requirement, not because of the absence of a legal duty upon the mother to contribute to the support of her children, but because of the absence of evidence as to either income or estate from which to pay. *Page 1274 
The testimony was that the mother had remarried in September 1978. She continued to work until March 1979 so that she could assist in paying for some furniture for her new marital home. Her testimony that she had agreed with her husband that thereafter she would leave her employment and be a full-time housewife was unchallenged. There was no evidence other than arguendo that she quit her job because of the pending petition to require her to assist in the support of her children. It is the rule that the amount of support a parent may be required to pay is to be determined by the reasonable needs of the child and the reasonable ability of the parent to pay. Travis v.Travis, 345 So.2d 321 (Ala.Civ.App. 1977); Metcalf v. Metcalf,340 So.2d 38 (Ala.Civ.App. 1976). It is a useless thing to require payment of a sum as support when the testimony shows no income or assets from which to pay. We do not decide here whether the equity court may order a non-working parent to seek and obtain work in order to pay child support. Particularly, do we not decide whether a married mother may be required to abandon her chosen vocation of a homemaker, perhaps in opposition to the wishes of husband, in order to produce income with which to pay child support. The court did not do that here. We note however, that it is well established that one may not be placed in jail for contempt for failure to pay an order for child support when it is shown he has no means from which to pay. Muery v. Muery, 46 Ala. App. 617, 247 So.2d 123 (1971),cert. denied, 287 Ala. 737, 247 So.2d 128 (1971).
It is for the ordering of support from one who is shown by the evidence to be without means to provide it that we reverse the judgment below. Thus our judgment is based upon state law and we do not decide the charge of violation of the constitutional right of the defendant to equal protection of the laws, presented by defendant in the court below.
There was discussion by the court in its colloquy with counsel of the possible effect of the decision of the Supreme Court of the United States in the case of Orr v. Orr,440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), aff'd on remand,374 So.2d 895 (Ala.Civ.App. 1979), cert. denied, 374 So.2d 898
(Ala. 1979), upon the common-law principle that the primary duty of support of minor children is upon the father and that there is no duty upon the mother to furnish support unless it is shown that the father is financially unable to perform. However, it does not appear that the order of the court was based upon constitutional infirmities of that principle. Indeed, the authority to order contribution of the mother to the support of her children has been expressed many times by our appellate courts. Jones v. Jones, 355 So.2d 354 (Ala. 1978); Womble v. Womble, 56 Ala. App. 318, 321 So.2d 660 (1975),cert. denied, 295 Ala. 429, 321 So.2d 664 (1975); Thomason v.Thomason, 53 Ala. App. 206, 298 So.2d 627 (1974); Brock v.Brock, 281 Ala. 525, 205 So.2d 903 (1967).
In view of the decisions of our supreme court, the presence in this case of an independent state ground for reversal, and the absence from the judgment of the trial court of a reference to a constitutional ruling, we do not consider the constitutional question of equal protection to be properly before us.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.