This is an appeal from an order of the Circuit Court of Baldwin County denying Audrey K. Mattingly, the mother of a deceased minor, the right to intervene in the wrongful death action initiated by her ex-husband, Walter D. Cummings, the deceased minor's father. We affirm.
The undisputed facts are that in December, 1978 Dwaine L. Cummings, a minor, was struck and killed by an automobile occupied by Paula Dukes and Kenneth W. Clark. On May 21, 1979 Walter Cummings commenced a wrongful death action against the occupants of the car. On July 11, Audrey Mattingly filed an amended motion to intervene in the lawsuit commenced by her ex-husband, alleging that because she was awarded the care, custody, and control of her children in a divorce decree against Cummings, she was allowed, as a matter of right, to intervene in the action. On August 22, the trial judge denied her amended motion to intervene, from which she appeals. *Page 532 
The constitutionality of Code of 1975, § 6-5-391 — conferring a right to bring a wrongful death action of a minor — and its reference to the conditional provisions in § 6-5-390
are at issue. These Code sections state:
§ 6-5-391. Wrongful death of minor.
 When the death of a minor child is caused by the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, the father, or the mother in cases mentioned in section 6-5-390, or, if the father and mother are both dead or if they decline to commence the action, or fail to do so, within six months from the death of the minor, the personal representative of such minor may commence an action, and in any case shall recover such damages as the jury may assess; provided, that an action by any one of them for the wrongful death of the minor shall be a bar to another action either under this section or under section 6-5-410. (Code 1876, § 2899; Code 1886, § 2588; Code 1896, § 26; Code 1907, § 2485; Code 1923, § 5695; Code 1940, T. 7, § 119.) § 6-5-390. Injury to minor child.
 A father or, in case of his death or desertion of his family, his imprisonment for a term of two years or more under a conviction for crime, of his confinement in an insane hospital or if he has been declared of unsound mind, the mother may commence an action for an injury to a minor child, a member of the family. (Code 1852, § 2135; Code 1867, § 2531; Code 1876, § 2898; Code 1886, § 2587; Code 1896, § 25; Code 1907, § 2484; Code 1923, § 5694; Code 1940, T. 7, § 118.)
When read together, these two sections provide that the father shall have the primary right to commence an action for the wrongful death of his minor child, and the mother has a secondary right to do so. Her right to initiate the action is contingent upon the father's inability to do so on account of his death, desertion, imprisonment, or insanity. Although that priority has been recently amended, effective July 19, 1979, nevertheless the original section was in effect when this cause of action arose.
Mrs. Mattingly contends that these statutes, creating gender based classifications, violate the Fourteenth Amendment of the United States Constitution and Article I of the Alabama Constitution, because they deny the mother a right equal to the father's to bring an action for the wrongful death of a minor child without any substantial justification for doing so. Mr. Cummings asserts that the statutes are constitutional because the father is primarily liable for the support and maintenance of his minor children; therefore, the father should be granted the primary right to recover damages from a wrongful death action of his child. Relying upon our decision in Jones v.Jones, Ala., 355 So.2d 354 (1978), that the mother's conditional right to bring a wrongful death action is constitutional, the lower court found that Mrs. Mattingly had no standing to intervene in the wrongful death action because the child's father had previously filed the lawsuit.
In Thorne v. Odom, Ala., 349 So.2d 1126 (1977), and Jones v.Jones, Ala., 355 So.2d 354 (1978), both cases having involved actions for the wrongful death of minor children, this Court upheld the classification establishing the father's conditional priority to maintain the action and receive any damages awarded. We quote from Jones, supra at 355-6:
 It has long been established by the legislature that, as between the two parents, the father has the primary duty to support and maintain the minor children of the parties. It is free, therefore, to provide that the parent with this primary obligation is entitled to any damages recovered as a result of injury to or death of a minor child.
 The appellant next argues that the legislation is invalid under the Constitution of the United States and the State of Alabama, because it discriminates against mothers of minor children. This argument was advanced and rejected in the recent case of Thorne v. Odom, 349 So.2d 1126, 1128 (Ala. 1977), where this court said: *Page 533 
 "Initially, we hold that the trial court's order declaring Title 7, § 118 unconstitutional was erroneous. Contrary to his finding, that statute does not give the father the absolute right over the mother to file such an action, but a conditional right as the remainder of our opinion will show. Additionally, we disagree that the statute imposes an arbitrary distinction. Under the Fourteenth Amendment to the United States Constitution, states may treat different classes of people differently when the classification rests upon a fair and substantial relation to the object of the legislation. Montgomery County v. Walsh, 274 Md. 502, 336 A.2d 97 (1975); Royster Guano Co. v. Virginia, 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989
(1920). The object of § 118 is to provide a right of action for the parent's damages for loss of services, expense of treatment, etc. for the child's injury. Section 119, by the same token, allows a right of action in cases of wrongful death. The classification imposed by § 118 is not arbitrary, because the legislature has recognized that, between the two parents, the father has the primary and continuous duty to support and maintain his minor children reasonably according to his means. Thomason v. Thomason, 53 Ala. App. 206, 298 So.2d 627 (1974); Brock v. Brock, 281 Ala. 525, 205 So.2d 903 (1967); Stovall v. Johnson, 17 Ala. 14
(1849). This continuing obligation gives the father the priority in receiving any damages because of the injury or death of the child."
Having given careful attention to the appellant's arguments, nevertheless we adhere to the views this Court expressed in those cases.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX and ALMON, JJ., concur.
FAULKNER, JONES and EMBRY, JJ., dissent.
SHORES, J., recused.