EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support modification case.
When the parties were divorced in 1982, an agreement of the parties was ratified and approved by the trial court, whereby the mother was granted the custody of their two minor children, but the father was granted the right to have the children visit with him for “about one-half of the days per month,” and the father was ordered to pay to the mother for each child $900 each month. That divorce judgment was first modified in 1983, whereby the father was granted custody of the children during the school months, and the mother was given their custody during the summer months. Child support was reduced from $900 per month to $600 per month per child.
The present proceeding was instituted in 1984 when the father filed his petition to modify child support on the ground that both children resided almost all of the time with him, that he supports them, and that it has become inequitable and unreasonable that he be required to pay to the mother $1,200 each month as child support when he is otherwise providing essentially all of the support and maintenance required for the children. The mother’s counterclaim sought full custody of the son. After an ore terms contested trial, the son’s custody during the school year was awarded to the mother, and the father was granted custody of the boy during the summer months. The father was directed by that July 22, 1985, judgment to pay the sum of $600 per month to the mother for the son’s support when that child is in the mother’s custody. Only the modification of support for the son is before us on the mother’s appeal. As to that issue, the following is pertinently revealed when we view the evidence in light of the applicable presumptions.
Although the sixteen-year-old daughter had resided with the father all of the previous year with the exception of three days when she visited with her mother and although the father had the son, who was almost twelve years old, with him for nine months during the preceding year, the father paid $1,200 each month to the mother for the support of the children. He is current as to those payments. In addition to that, the father supported the children, maintained a home for them, provided spending allowances to them, bought their clothes, and paid their dental and medical expenses. The father stated that none of the $1,200 which he paid monthly to the mother was used to maintain either of the children while they were in his custody and that the mother did not contribute to the daughter’s support at all during that year, except for the three days when the daughter visited in her mother’s home.
The mother testified that, during the previous fall, she purchased school clothing for the son in the amount of $200. She stated that she spent part of the $1,200 monthly child support payments on the children, that part of it was paid upon the house payments, where she and Jerry, her present husband, reside, and that most of it went into a savings account, which is solely in the mother’s name. As to those payments she stated, “We use it like we use Jerry’s salary.”
The modification of a child support judgment is an issue which lies within the discretion of the trial court. In reviewing the exercise of that discretion after the trial court orally heard the testimony, we accord to the judgment a presumption of correctness and will not disturb it unless it was so unsupported by the evidence as to be clearly and palpably wrong. With such a presumption in mind, our task on appeal is to determine if there was sufficient evidence before the trial court to support its judgment against a charge of clear arbitrariness and abuse of discretion. Stubbs v. Puls, 429 So.2d 1071 (Ala.Civ.App.1983); Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979).
In view of the evidence, which we have summarized, we find the following to be particularly pertinent:
*1111 “A custodial parent who receives child support payments is not free to deal with that money as she shall desire, but must apply the funds for the benefit of the child. Unaccounted for or unjustifiable surpluses of support money received over amounts actually spent for the particular child may imply that the amount of the existing support is excessive and should be reduced. In the present case, the facts do raise the suspicion that child support money has been diverted from its intended purpose: appellant’s only legal duty is to provide for his own two children, Thomason v. Thomason, 53 Ala.App. 206, 298 So.2d 627. However, we do not mean to imply that strict accounting methods must be employed when the household is situated as it is in this case, but we do insist that there be adequate proof that the child support money being paid by the father is in fact being used for the support of his children.
“The proof in the record suggests three possible conclusions: (1) appellant is subsidizing someone else’s children; (2) appellant’s children do not need $300 per month for their support; or (3) the $300 per month awarded for support of appellant’s children is needed and is being used for appellant’s children’s support. If either one of the first two conclusions is found to be true, a reduction in support payments would be required. On the other hand, if the third conclusion is adopted, the $300 a month award must be continued.”
White v. White, 334 So.2d 908, 910-11 (Ala.Civ.App.1976).
The wife’s own testimony was such that an implication could have arisen in the mind of the trial court that the existing support for the son was excessive and was not needed during those times when he is in the father’s custody and is actually being supported by the father. Under the latest judgment, the $600 each month for the son’s support will still be payable to the mother each month that she has his custody. We see nothing inequitable about that holding. The trial court did not abuse its discretion in rendering the July 22, 1985, modification judgment. The evidence and the White case, fully support that judgment of the trial court. It was not palpably wrong.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.