This case presents issues of first impression that call for the construction of certain language contained within Code of 1975, § 6-5-390, and incorporated by reference into §6-5-391. Section 6-5-390 was amended in 1979 to eliminate the priority of *Page 1008 
right given to the father to bring an action for the personal injury (or wrongful death, see § 6-5-391) of his minor child. Sections 6-5-390 and -391 now give "[a] fatheror a mother, . . . [who] are lawfully living together as husband and wife, . . . an equal right tocommence an action for an injury to their minor child" or the wrongful death of such a child. (Emphasis added.) Section 6-5-390.
The first question that this case gives rise to is whether § 6-5-391, reading § 6-5-390 into it, permits the mother and the father to commence two separateactions for the wrongful death of their minor child, one for each parent's individual benefit. In other words, did the legislature, in amending § 6-5-391, intend to allow each parent a separate right of action, thus requiring a defendant to defend two separate actions arising from the same alleged wrongful act? For the reasons discussed below, the answer is no.
As noted above, under old § 6-5-390 and -391, the father was given the primary right and priority to commence an action for the wrongful death of his minor child and, under our cases, was also given the priority in receiving any damages awarded. See Mattingly v. Cummings,392 So.2d 531 (Ala. 1980); Jones v. Jones, 355 So.2d 354
(Ala. 1978); Thorne v. Odom, 349 So.2d 1126 (Ala. 1977). In amending § 6-5-390, the legislature also amended § 6-5-391 to the extent that the provisions of § 6-5-390 are incorporated by reference into §6-5-391. However, no other express or implied amendments have been made to § 6-5-391, and, therefore, the final proviso of that section, set out below, is still applicable to cases such as the present one:
 "[P]rovided, that an action by any one of them [the father, the mother, or the personal representative] shall be a bar to another action either under this section or under section 6-5-410." (Emphasis added.)
Thus, contrary to the view of the dissent, and notwithstanding § 6-5-390 as amended, the action filed by the father in this case operated to bar any additional action the mother would have otherwise commenced for the wrongful death of her daughter. Furthermore, although it is not at issue in this case, there arises the question whether the father and the mother may commence two separate actions under § 6-5-390 for each parent's respective compensatory damages caused by personal injury to their minor child. The amendatory language of § 6-5-390 indicates that, even for personal injuries, one action by eitherparent is contemplated. In amending § 6-5-390, the legislature used the disjunctive ("[a] father or a mother") and the singular ("have an equal right to commencean action"). That section does not state that both the father and the mother have an equal right to commence actions.
Because this amendatory language of § 6-5-390 is incorporated by reference into § 6-5-391, the above statutory construction is additional support for the position that, even in view of the amendment to § 6-5-390, only one action for wrongful death under § 6-5-391 may be commenced. The father and the mother, however, now have anequal right to commence such an action, and, it follows, an equal right to any recovery of damages. Thus, if the father commences the action for wrongful death, as he did in this case, he represents not only his own interest in any recovery, but also the interest of his wife. Therefore, as an interested party, the wife in this case had the right to intervene in the action when, because of the conduct of her husband, her interests were no longer being represented. See A.R.Civ.P., Rule 24(a) and (b). When it became evident that the father had abandoned the wrongful death action, the mother attempted to be brought into the lawsuit in order to see to it that her interests in the case were protected. She sought to do that on October 10, 1986, by filing a "Motion for Substitution," pursuant to Rule 25, A.R.Civ.P. The trial court denied the motion on October 30, 1986, and four days later, the defendant filed a motion to dismiss the action pursuant to Rule 37(b)(2)(C) and Rule 37(d) for the failure of the father to attend his scheduled deposition. The trial court granted the motion to dismiss on November 4, 1986. Thereafter, the mother filed a *Page 1009 
motion to intervene pursuant to Rule 24, which was also denied by the trial court.
The dissent correctly points out that Rule 25 does not apply to the circumstances of this case, and that there is no evidence of record establising that the husband "transferred his interest" in the case by "consenting" to the substitution:
 "Rule 25 . . . is inapplicable if a change of parties is desired for some reason other than one of the four circumstances to which the rule is addressed. It is necessary then to consult Rule 15, on amendments, Rule 17, on the real party in interest, Rule 21, on adding or dropping parties, or Rule 24, on intervention."
(Footnotes omitted.) (Emphasis added.) 7C Wright, Miller 
Kane, Federal Practice Procedure § 1951, p. 522 (1986). However, the mother's failure to meet the requirements of Rule 25 does not necessarily mean that she is not entitled to the relief she sought by her motion, namely a change in parties. It is well settled that the substance of a motion controls its form, and that the label placed on it does not bind its substantive review. Cornelius v.Green, 477 So.2d 1363 (Ala. 1985); City ofBirmingham v. City of Fairfield, 396 So.2d 692 (Ala. 1981); Timms v. Scott, 248 Ala. 286, 27 So.2d 487
(1946).
By her motion seeking to be "substituted" in place of her husband as plaintiff, Lila Coleman established that she is the mother of Belinda Coleman, the deceased minor child, and that her husband's whereabouts were unknown, and that his behavior was unpredictable due to the anxiety and depression from which he suffered. Under § 6-5-391, the mother has not only an interest in the action abandoned by her husband, but also an equal right to prosecute theaction in her own individual capacity. Therefore, the mother is entitled to intervene in the action under Rule 24 and to have herself, in effect, "substituted" for her husband by "dropping" him and "adding" her as plaintiff under Rule 21. I agree that the trial court abused its discretion in not granting this relief on these facts. Furthermore, because the mother was entitled to have herself named as plaintiff and her husband dropped as plaintiff, the trial court was without the power under Rule 37(b)(2)(C) to dismiss the entire action due to the failure of the husband, who should no longer have been considered a party, to attend his scheduled depositions. See, e.g., Taylor Coal Co. v. Pearson, 380 So.2d 779
(Ala. 1980).