The parties were divorced in March 1994. The divorce decree adopted and approved the parties' agreement, executed March 17, 1994. The agreement stated the following, in pertinent part:
 "(2) As and for the support and maintenance of said children, [the father] shall pay to [the mother] the sum of $10,000.00 a month . . . until the said son reaches the age of majority, marries, or otherwise becomes self-supporting; . . . however, . . . in the event said son attends college as hereinafter provided, then [the father's] obligation to pay said support and maintenance shall continue beyond the age of majority. At the time the said son graduates from college or [the father's] obligation to support said son otherwise ceases, then [the father] shall pay to [the mother] as and for the support and maintenance of the said daughter, the sum of $7,500.00 a month . . . until said daughter reaches the age of majority, marries, or otherwise becomes self-supporting; . . . however, . . . in the event said daughter attends college as hereinafter provided, then [the father's] obligation to pay said support and maintenance shall continue beyond the age of majority. However, in the event that [the mother] remarries or cohabits with a member of the opposite sex during the time that [the father] is obligated to pay support and maintenance for said children or either of them, then such obligation shall be reduced by $5,000.00 a month and at the time of such reduction, [the father] shall pay to [the mother] the sum of $50,000.00 in cash.
". . . .
 "(11) [The father] shall continue to pay the said child support for said children as hereinabove provided, even after a child has reached the age of majority, upon the condition that said child is in regular attendance at a college selected by [the father] and said child, and said child takes at least a normal course load and maintains a grade point average that will result in graduation upon the completion of such courses. In addition thereto, [the father] shall pay the tuition and other costs and charges as assessed by the college as a result of said child's attendance. In any event, [the father's] obligation to pay the college expenses for said child shall cease upon graduation or upon said child's attaining the age of 23 years, whichever occurs first. [The father's] obligation to pay for the support and maintenance of *Page 446 
said children shall not be affected in the event a child receives a scholarship, grant, or other awards that will reduce the costs or expense of attending college."
Both parties filed numerous motions, petitions, responses, and amendments thereto. The father alleged, in pertinent part, that "the amount that he pays for the support and maintenance of his children has become excessive and is no longer being used for the use and benefit of said children and that the same should be reduced to a more reasonable amount."
However, at the beginning of the February 1, 1996, hearing, the father's attorney advised the trial court that the father was not asking for a decrease in his child support obligation as much as he was requesting that the expenditure of the child support payments be monitored and that the mother be required to account for the child support money she received. The father's attorney also advised the trial court of the father's request — that the trial court require that any excess child support payments be placed in a trust fund for education or other purposes relative to the needs of the children.
The mother alleged, in pertinent part, that "[the father] has failed to pay to [the mother] the sum of $50,000 as required by the previous order of this court." We would note that the father admits that he did not pay the mother $50,000 upon her remarriage in March 1995, as required by the parties' agreement. However, the father contends that he gave the mother a $50,000 check in February 1994, and a $50,000 certificate of deposit in March 1994, just days before the parties' agreement was executed. The father further contends that the mother agreed that these funds would satisfy the father's obligation to pay $50,000 to her upon her remarriage. The father also contends that the funds in the $50,000 certificate of deposit had been put aside for the son's education.
After a hearing the trial court issued an order, which stated the following, in pertinent part:
 "1) That [the father] is responsible according to paragraph 2 of the divorce decree . . . for all college expenses in excess of the monthly child support. [The father] is liable for all reasonable and necessary costs of education, including room and board, food, laundry, and miscellaneous and related expenses.
 "[The father] will reimburse [the mother] in the amount of Ten Thousand ($10,000.00) Dollars for college expenses, to be taken out of a fund as described in paragraph 2 of the divorce decree, to be paid within forty-five (45) days of this order.
 "2) . . . [The father] owes Fifty Thousand ($50,000.00) Dollars to [the mother], upon her remarriage, as stated in the divorce decree. However, the court rules that one-half (1/2) of the money owed to [the mother] will be placed in an educational account for [the son], to be used by him to further his education through post-graduate study. The account will be established and monitored by [the father]. An accounting will be provided to [the mother] by [the father] every six (6) months.
 "The remaining half owed to [the mother] by [the father], in the amount of $25,000.00, will be paid to her within thirty (30) days of this order.
 "3) The Court finds no authority for it to monitor the child support payments made by [the father] to [the mother]. Such payments are commensurate with [the father's] income."
The father filed a motion to alter, amend, or set aside the judgment or, in the alternative, a motion for a new trial. The trial court denied the father's motion.
The father appeals. The mother cross-appeals.
On appeal the father contends that in light of White v.White, 334 So.2d 908 (Ala.Civ.App. 1976), the mother can be required to account for the expenditure of the child support money she receives from him. Once again, the father states that he is not interested in depriving his children of anything, but that he wants to make sure that his children receive all they are entitled to receive.
In White, 334 So.2d 908, the father sought a reduction in his child support obligation. In White, this court held that it was relevant *Page 447 
to present as evidence of "changed circumstances" that the amount of child support being paid was not required to meet the needs of the children or that the child support was being used to subsidize the mother's stepchildren. We do not find thatWhite supports the father's assertion that the mother should be required to account for her expenditures of the child support money, particularly in light of the fact that the father was not seeking a reduction in his child support obligation, but a requirement that any excess child support payments be placed in a trust fund to be used for the children's needs.
Consequently, we affirm that portion of the trial court's judgment concerning the father's request that the mother be required to account for her expenditures of the child support money received.
The father's second issue involves his agreement to support his son past the age of majority and to pay the son's college expenses. In his brief on appeal, the father states that he has no objection to the first paragraph of the trial court's order regarding this issue.
However, the father does object to that portion of the order which requires him to reimburse the mother $10,000 for college expenses because, he says, there was no evidentiary basis to support a $10,000 "reimbursement for college expenses" to the mother. The father points out that there was no evidence presented to show that the mother expended funds for the son's college expenses in excess of the child support payments.
The mother contends that the father, through his attorney, stipulated to the $10,000 amount. We cannot agree, as our review of the transcript of the February 1, 1996, hearing reveals the following, in pertinent part:
 "[MOTHER'S ATTORNEY]: . . . I had intended to present testimony for reimbursement for which we would ask, and we have brought the checks. . . . We had asked for reimbursement inasmuch as what he had been paying before was simply support and not college. And we were asking for the reimbursement. . . .
". . . .
"THE COURT: How much did you say it was?
 "[MOTHER'S ATTORNEY]: We had paid out approximately ten thousand dollars because he is a senior, I believe, in college.
". . . .
 "THE COURT: Well, y'all will stipulate to [the] checks, won't you?
 "[FATHER'S ATTORNEY]: We will stipulate that these checks are for his support and maintenance, and that she receives twenty-five hundred a month to cover support and maintenance.
"THE COURT: I understand that.
 "[FATHER'S ATTORNEY]: And that that was certainly more than adequate to take care of anything else.
 "THE COURT: Oh, I know that. But I'm talking about as far as the checks themselves. If, in fact, the court goes that far in reaching that issue, you do stipulate that they are reasonable and necessary expenses, if I go that far?
 "[FATHER'S ATTORNEY]: I haven't examined them in detail, Judge, but I think they were spent while he was in college."
Our review of the record reveals that none of the witnesses testified regarding any amounts expended for the son's expenses while at college. In fact, the majority of the testimony, and all of the documents introduced into evidence, revolved around the two $50,000 payments made to the mother prior to the divorce. Because the record contains no evidence to support the trial court's award of $10,000, we must reverse that portion of the trial court's judgment.
The father's final issue, and the mother's only issue on cross-appeal, deals with the $50,000 payment to the mother upon her remarriage. The father contends that the mother agreed that her receipt of the $50,000 certificate of deposit in early March 1994 fulfilled the father's requirement to pay $50,000 to the mother upon her remarriage. The *Page 448 
mother contends that there was no such agreement regarding either the $50,000 check or the $50,000 certificate of deposit.
The trial judge was the finder of fact in the present case, and a presumption of correctness attaches to his findings and to the judgment based on those findings. Clardy v. Capital CityAsphalt Co., 477 So.2d 350 (Ala. 1985). It was the responsibility of the trial judge to listen to the evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699
(Ala.Civ.App. 1991). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 477 So.2d 350.
In light of the conflicting evidence presented regarding the $50,000 payment, we cannot find that the trial court committed reversible error when it determined that "[the father] owes Fifty Thousand ($50,000.00) Dollars to [the mother], upon her remarriage, as stated in the divorce decree." That portion of the trial court's judgment is due to be affirmed.
In her cross-appeal the mother contends that the trial court committed reversible error when it ordered that one-half of the $50,000 payment be placed in a post-graduate educational account for the parties' son. The mother argues that the trial court's actions created an obligation on her part to provide for the postgraduate educational needs of the son, even though the divorce decree did not require either party to provide funds for the children's post-graduate study.
As noted above, the parties' agreement stated, "in the event that [the mother] remarries . . . [the father] shall pay to [the mother] the sum of $50,000 in cash." There was no requirement that the mother use this $50,000 payment in a certain manner. Additionally, we would note that there was no requirement in either the parties' agreement or the divorce decree that the parties provide funds for the post-graduate educational needs of their children.
When the trial court stated in its order that "one-half (1/2) of the money owed to [the mother] will be placed in an educational account for [the son], to be used by him to further his education through post-graduate study," it modified the provisions of the divorce decree regarding the payment of the $50,000 and created an obligation for the mother to provide funds for the son's postgraduate study.
As this court previously stated in Jones v. Jones,446 So.2d 53, 54 (Ala.Civ.App. 1984):
 "To support a modification of a divorce decree, the changed circumstances must be a material change in the financial status of the parties. Furthermore, where the decree was based upon an agreement between the parties, as in the case at bar, that decree should not be modified except for clear and sufficient reasons."
The evidence revealed that the mother does not work outside the home. Consequently, we do not find a clear and sufficient reason to justify the modification.
Additionally, we would note that if the $50,000 payment is considered a property settlement or alimony in gross, it would not be subject to modification. Battle v. Battle, 476 So.2d 109
(Ala.Civ.App. 1985).
In light of the foregoing, we find that the trial court committed reversible error when it required one-half of the $50,000 to be placed in a post-graduate educational fund for the parties' son. Consequently, that portion of the trial court's order is reversed and remanded for proceedings consistent with this opinion.
The judgment of the trial court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur. *Page 449