I concur in the reversal of the trial court's computation of the child-support obligation and in the reversal of the trial court's post-minority-support award. I dissent from the reversal of the trial *Page 644 
court's determination of the amount of the mother's child-support arrearage.
The decision whether to apply a credit toward a child-support arrearage is within the discretion of the trial court. Kuhn v. Kuhn, 706 So.2d 1275 (Ala.Civ.App. 1997). It is undisputed that the older child came to live with the mother in April 1997. The mother testified that, although the child was working, she provided all of his support when he started living with her. Furthermore, the father admitted that he did not provide any support for the child while he lived with the mother. Judge Yates limits the mother's credits to only the specific amounts to which she testified.
Based on the undisputed evidence that when the older child started living with the mother she provided all of his support, I conclude that the trial court did not abuse its discretion by giving the mother more credits. A custodial parent is generally not required to account for the child support expended for the support of the child. Fletcher v. Cole,690 So.2d 444 (Ala.Civ.App. 1997). I would not require the mother to present more evidence than she did in this case — evidence that she provided all the support for the child while he lived with her — in order for the trial court to credit amounts she provided for the support of the child against her arrearage.